UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HELEN ANDERSON, | ) | 1: 08-cv-00033-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S MOTION |
| | ) | TO DISMISS (DOC. 17) |
| | ) | |
| v. | ) | ORDER DIRECTING THE CLERK TO |
| | ) | CLOSE THE ACTION |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding pro se and in forma pauperis with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits. The parties have consented to the jurisdiction of the Magistrate Judge for all purposes, including the entry of final judgment.[1] Pending before the Court is Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, filed by Defendant on August 18,

---

[1] By order dated March 25, 2008, District Judge Oliver W. Wanger reassigned the case to the undersigned Magistrate Judge.

1

2008. Along with the motion, Defendant filed a memorandum in support of the motion to dismiss that included the declaration of Errol Sperling, acting chief of court case preparation and review, branch 1 of the Social Security Administration's office of appellate operations, office of disability adjudication and review, and attachments thereto consisting of documents from the administrative record in the case. (Memo., Doc. 17-2.) Although Plaintiff was served by mail with the motion, Plaintiff failed to file any opposition or notice of non-opposition.

## I. Legal Standards

### A. Motion to Dismiss for Lack of Jurisdiction

Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(1), which provides that the defense of lack of subject matter jurisdiction may be asserted by motion. In bringing such a motion, the moving party may attack either the facial allegations of the complaint or, in the style of a speaking motion, the existence of subject matter jurisdiction in fact. Thornhill Pub. v. General Telephone & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

If the motion attacks the complaint on its face, then the Court must consider in a light favorable to the Plaintiff the allegations of the complaint, which are considered to be true, and will consider in addition to the complaint any documents attached thereto, judicially noticed facts, and any undisputed facts evidenced in the record. Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3rd Cir. 2000); Valdez v. United States, 837 F.Supp. 1065, 1067 (E.D. CA 1993), aff'd 56 F.3d 1177 (9th Cir. 1995).

In a factual attack, the Court may consider evidence presented on the jurisdictional issue, weigh the evidence, and rule on that issue, resolving factual disputes if necessary. Thornhill Pub. v. General Telephone & Electronics, 594 F.2d 733; Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947). In such circumstances, the allegations of the complaint generally are not assumed to be true. Valdez, 837 F.Supp. 1067. However, the Ninth Circuit has held that where the court considered declarations that were submitted by both sides as well as the complaint, but no evidentiary hearing was held, the factual allegations in the complaint will be accepted as true. McLachlan v. Bell, 261 F.3d 908, 909 (9th Cir. 2001). However, an evidentiary hearing may not be necessary if the parties have had a full and fair opportunity to discover and present relevant facts and arguments, and neither party timely requested an evidentiary hearing. Valentin v. Hospital Bella Vista, 254 F.3d 358, 364 (1st Cir. 2001).

In either form of determination, the burden is on the party asserting jurisdiction to establish jurisdiction, and it is in effect presumed that jurisdiction does not exist. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

A complaint will be dismissed for lack of subject matter jurisdiction if 1) the cause does not 'arise under' any federal law or the Constitution, 2) there is no case or controversy within the meaning of that constitutional term, or 3) the cause is not one described by any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962).

Where jurisdiction and the merits of a case are inextricably intertwined, such as where jurisdiction depends on facts that are

1 also an essential element of the federal claim, then a challenge
2 to such facts goes to both federal jurisdiction and failure to
3 state a claim, and it is not appropriate for a federal court to
4 determine the disputed factual issues; in such circumstances, the
5 appropriate procedure is summary judgment. Roberts v. Corrothers,
6 812 F.2d 1173, 1177 (9th Cir. 1987).

7    Here, with respect to Plaintiff's claim that she was
8 erroneously denied Disability Insurance Benefits and Supplemental
9 Security Income benefits, the jurisdictional facts concern
10 exhaustion of administrative remedies and the presence or absence
11 of a decision that comes within the meaning of the jurisdictional
12 statute. Similar issues of the timeliness of filing of a federal
13 tort claim and exhaustion of administrative remedies as a
14 predicate to federal jurisdiction have been held not to be
15 inextricably intertwined with the merits of a case because they
16 do not go the merits of the underlying tort claim. Gonzalez v.
17 United States, 284 F.3d 281, 287 (1st Cir. 2002).

18    In the present case, the timeliness of Plaintiff's
19 administrative request is not related to the matter of whether
20 Plaintiff is disabled or entitled to benefits, or to any other
21 issues involved in the merits of such a claim.

22    With respect to an evidentiary hearing in this Court,
23 although Defendant has submitted extensive materials in
24 connection with this motion, neither party has requested an
25 evidentiary hearing. Nothing in the record suggests that a full
26 and fair opportunity has not been given to the parties to present
27 relevant facts or arguments. Thus, to the extent that a factual
28 attack is made by the moving party, this is not a case in which

4

an evidentiary hearing appears to be necessary at this point.

### B. Final Decision Subject to Review

Defendant argues that the Court lacks subject matter jurisdiction of Plaintiff's action because Plaintiff failed to seek a timely administrative appeal of the unfavorable reconsideration determinations rendered in her case by requesting hearings within sixty days of the decisions, or in one instance by requesting post-hearing review; thus, although the decisions are administratively final, there is no "final decision" subject to judicial review within the meaning of the pertinent statute, and thus this action exceeds the scope of the government's consent to be sued as defined in 42 U.S.C. § 405(g) and (h):

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business....
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

These provisions also govern Plaintiff's SSI claim. 42 U.S.C. § 1383(c)(3).

It is established that § 405(g) is a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478-79 (1986); Banta v.

5

Sullivan, 925 F.2d 343, 345 (9th Cir. 1991). However, it is likewise a condition on the waiver of sovereign immunity and thus has been strictly construed to permit extension only in special circumstances. Bowen, 476 U.S. at 479-82. Sovereign immunity is jurisdictional in nature. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims. Banta v. Sullivan, 925 F.2d at 345-46. Pursuant to the terms of the statute, the sole jurisdictional basis for review of administrative actions concerning claims for benefits under Titles II an XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., and 1381 et seq., is set forth in 42 U.S.C. § 405(g). Schweiker v. Chilicky, 487 U.S. 412, 424, 426-27 (1989) (holding that Congress had not created a Bivens-type remedy for wrongful denial of SSA benefits); Cassim v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987) (noting the jurisdictional requirements of presenting the claim for benefits (non-waivable) and exhaustion of administrative remedies (waivable)).

Further, the Social Security Act limits judicial review to final decisions of the Commissioner made after a mandatory hearing. 42 U.S.C. §§ 405(g), (h); Califano v. Sanders, 430 U.S. 99, 108 (1977) (holding the Appeals Council's denial of a request to reopen benefits for lack of good cause was not subject to judicial review because the decision was not made after a mandated hearing, and noting that to permit review would

6

1  frustrate Congress' intent to forestall repetitive or belated
2  litigation of stale eligibility claims); <u>Peterson v. Califano</u>,
3  631 F.2d 628, 629-30 (9th Cir. 1980) (holding the Appeals
4  Council's rejection of claimant's request to extend the sixty-day
5  period for filing a petition for review in federal court was not
6  a final decision under 42 U.S.C. § 405(g), and analogizing it to
7  the discretionary denial of a request to reopen involved in
8  <u>Califano v. Sanders</u>).

9      At the pertinent times, SSA regulations set forth a process
10 for administrative exhaustion that involved an initial
11 determination of entitlement to benefits, reconsideration of the
12 determination, a hearing before an administrative law judge
13 (ALJ), review by the Appeals Council, and then review by a
14 federal court; it was required that a claimant request a hearing
15 of an unfavorable determination or reconsidered determination no
16 later than sixty days after receipt of the decision. 20 C.F.R. §§
17 404.900, 416.1400 (chronological process); 404.909, 416.1409
18 (requirement of requesting reconsideration of initial
19 determination within sixty days); 404.933, 416.1433 (requirement
20 of requesting a hearing before an ALJ); 404.968, 416.1468
21 (request for review by the Appeals Council).

22     III. <u>Plaintiff's Failure to Exhaust Administrative Remedies</u>

23     Sperling's declaration establishes that Plaintiff filed
24 multiple applications for benefits, never appealed one decision
25 made after hearing, and never sought a hearing before an ALJ with
26 respect to the other unfavorable decisions on her applications.
27     Sperling examined the official files and found that
28

7

Plaintiff was determined to have been disabled as of July 1, 1991, pursuant to an application filed in July 1991; benefits were later terminated as of January 1, 1997, and pursuant to Plaintiff's request for a hearing, a decision was rendered on July 29, 1998, denying Plaintiff's claim. No appeal was filed. (Decl. ¶ 3(a).)

On October 19, 1998, Plaintiff filed an application for benefits pursuant to Title XVI, which was dismissed on the basis of abandonment by an ALJ on May 17, 2000; Plaintiff did not file a request for review. (Id.)

Plaintiff filed Title XVI and Title II applications in April and May 2001, respectively, which were denied initially on September 19, 2001, without appeal. (Id.)

Plaintiff filed concurrent Title II and XVI claims in February 2004, which were denied through the reconsideration level, without further appeal. (Id.)

Plaintiff filed Title II and XVI applications on March 31, 2005, which were denied through reconsideration, but the Plaintiff did not file a request for a hearing. (Id.)

Plaintiff last filed an application for benefits pursuant to Title II on July 24, 2006, which was denied upon reconsideration on December 29, 2006; no appeal was filed. (Id.)

Accordingly, because Plaintiff failed to exhaust administrative remedies, the administrative adjudications of Plaintiff's claims were not final decisions within the meaning of 42 U.S.C. § 405(g). Defendant's motion to dismiss Plaintiff's claim, premised on the lack of such a final decision, should be granted.

IV. <u>Disposition</u>

Accordingly, it IS ORDERED that

1) Defendant's motion to dismiss Plaintiff's claim based on lack of subject matter jurisdiction IS GRANTED; and

2) The Clerk IS DIRECTED to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   October 6, 2008**                          /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE